**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

LAVAR DAVIS, 97-A-4572,

                               **Plaintiff,**                      **11-CV-431(Sr)**

**v.**

**C.O. JASON RYNKEWICZ,
CAPTAIN STEVEN CASACELI,
SGT. ANTHONY THERIAULT,
S. FURLANI,
D.SS. THOMAS STICHT, and
DIR. OF S.H.U. ALBERT PRACK,**

                               **Defendants.**

_____

## <u>ORDER</u>

By Order entered March 19, 2012, the Court dismissed plaintiff's claims against Thomas Sticht, Deputy Superintendent of Security at the Wende Correctional Facility, with prejudice unless plaintiff filed an amended complaint alleging his personal involvement in the alleged deprivation of plaintiff's constitutional rights. Dkt. #4, p.7. In response, plaintiff informed the Court that he wished to withdraw his claims against Deputy Superintendent of Security Thomas Sticht and remove him as a defendant in this action. Dkt. #5, ¶ 6.

By Order entered March 19, 2012, the Court directed plaintiff to amend his complaint to either withdraw his claims challenging all of the sanctions imposed due to his disciplinary convictions following hearings conducted on February 5, 2010 by defendant Furlani (and affirmed by defendant Prack) and October 7, 2010 by defendant

Casaceli, each of which resulted in a loss of good time, or provide the Court with an amended complaint forgoing once and for all any challenge to any sanctions that affect the duration of his confinement.  Dkt. #4, pp.7-11.  In response, plaintiff informed the Court that his complaint alleged that he "is not seeking to challenge any loss of good time"  (Dkt. #1, p.48), and reiterated that

> I am not seeking to challenge any loss of good-time that has been taken from me pursuant to the dispositions rendered by S. Furlani on February 5, 2010 and by Steven Casaceli on October 7, 201[0] who I filed a complaint against for violating my 14th Amendment right by denying me witnesses and subjecting me to extensive unlawful confinement in violation of my 8th Amendment right.  Albert Prack as well.

Dkt. #5, ¶ 4.  Accordingly, plaintiff "waive[s] any and all perceived challenges within my complaint to any sanctions that will affect my confinement in keeping with the ruling in *Peralta v. Vasquez* . . . "  Dkt. #5, ¶ 5.

On July 13, 2012, the Clerk of the Court issued summons for all defendants except defendants Sticht and Prack.  Defendants Rynkewicz, Casaceli, Theriault and Fulani filed their Answer on November 5, 2012.  Dkt. #13.

Currently before the Court is defendants' motion to clarify the Court's Order (Dkt. #4), to address whether plaintiff's failure to file an amended complaint resulted in the  dismissal of plaintiff's claims of denial of due process against defendants Casaceli, Furlani and Prack and to extend defendants' time to respond to plaintiff's discovery for 30 days following this Court's clarification of that Order.  Dkt. #17.

Plaintiff responds that he complied with the substance of the Court's Order entered March 19, 2012 by confirming his waiver of any challenge to his loss of good time thereby allowing his denial of due process claims against defendants Casaceli, Furlani and Prack to proceed and requests service upon defendant Prack. Dkt. #18.

As plaintiff has clearly waived any challenge to any sanctions that affect the duration of his confinement (Dkt. #1, p.48; Dkt. #5 & Dkt. #18), his denial of due process claims against defendants Casaceli, Furlani and Prack may proceed.

The Clerk of the Court is directed to issue summons to defendant Prack.

The Clerk of the Court is directed to terminate Thomas Sticht as a party to this action.

Defendants shall respond to outstanding discovery no later than 30 days from the filing of a Case Management Order in this matter.

**SO ORDERED.**

DATED:     Buffalo, New York
           January 14 , 2013

　　　　　　　　　　　　　　　　　　   _s/ H. Kenneth Schroeder, Jr._
                                  **H. KENNETH SCHROEDER, JR.**
                                  **United States Magistrate Judge**